**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:08-CV-362**

| | | |
|---|---|---|
| **KAREN KLYMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **SPRINT NEXTEL CORPORATION** | ) | |
| **d/b/a Sprintnextel PCS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     **THIS MATTER** is before the court on Plaintiff Klyman's Motion for Reconsideration and Defendant Sprint's Motion for Sanctions. For the reasons stated below, the court will deny Plaintiff's Motion for Reconsideration and grant Defendant's Motion for Sanctions, thereby dismissing Plaintiff's case.

     The Plaintiff has refused to participate in discovery and failed to comply with the court's discovery order. Therefore, the sanction of dismissal is appropriate. "Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has directed that district courts consider four factors in deciding whether to impose the sanction of dismissal where a party fails to comply with a discovery order. *Id.* The four factors are:

     (1) whether the noncomplying party acted in bad faith;
     (2) the amount of prejudice the party's noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the noncomplying party failed to produce;
     (3) the need for deterrence of the particular sort of noncompliance; and
     (4) the effectiveness of less drastic sanctions.

*Id.*

The court adopts the Defendant's facts and reasoning from Defendant's Motion for Discovery Sanctions (Doc. #18) for the purposes of this Order. In short, however, the Plaintiff has acted in bad faith by refusing to participate in the discovery process in the case she filed. Plaintiff has refused to respond to Defendant's Interrogatories and Requests to Produce. Plaintiff has also refused to travel to North Carolina for her deposition. Defendant's attorney responded by offering to travel to wherever Plaintiff is to depose her. However, Plaintiff refused to reveal her location and refused to be deposed at all. Therefore, the court ordered her to appear for a deposition. Plaintiff did not comply with the Order to Compel. Further, Plaintiff's Motion to Reconsider makes clear that she does not intend to provide Defendant with any information regarding her claim.

Plaintiff's noncompliance has prejudiced Sprint; indeed, her actions are a veritable roadblock to any material evidence. Her actions have caused Sprint to spend unnecessarily large amounts of time and money defending the case. In dismissing the case, the court is hoping to deter this type of behavior. Furthermore, based on Plaintiff's actions so far, a less drastic sanction would be ineffective. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED,** and Defendant's Motion for Discovery Sanctions is **GRANTED**, thereby, this case is **DISMISSED.**

Signed: July 9, 2009

Graham C. Mullen
United States District Judge